UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gideon C. Arrington II, | Case No. 22-cv-2361 (JRT/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| City of Andover, County of Anoka, State of Minnesota, Daniel Douglas and Patrick O'Hara, | |
| Defendants. | |

Plaintiff Gideon C. Arrington, II, entered an *Alford*[1] plea in state court to one count of first-degree criminal sexual conduct and was sentenced to a 324-month term of imprisonment. Since that time, Mr. Arrington has repeatedly attacked, in both state and federal court, the validity of his *Alford* plea.

Mr. Arrington's most recent challenge to the validity of his conviction concerns the legitimacy of the sexual assault nurse examiner ("SANE") report performed on the victim following the offense. *See, e.g.*, *Arrington v. State*, No. A20-1538, 2021 WL 2644484, at *1-2 (Minn. Ct. App. June 21, 2021). Mr. Arrington alleges that law enforcement officials fraudulently produced the SANE report and used it to procure search and arrest warrants tainted by the fraudulent report. Mr. Arrington has never explained why he believes officers fraudulently produced the SANE report,[2] and the Court rejected each of Mr. Arrington's direct challenges to

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Mr. Arrington attached a copy of one page of the SANE report, along with his handwritten annotations, to the federal habeas petition filed in *Arrington v. Schnell*, No. 20-cv-2539-WMW-HB, 2021 WL 2593463 (D. Minn. Feb. 16, 2021) (ECF No. 1-2 at 2).

1

his conviction citing the SANE report as a basis for relief on procedural grounds.  *See Arrington*, 2021 WL 2644484, at *2-4; *Arrington v. Schnell*, No. 20-cv-2539-WMW-HB, 2021 WL 2593463, at *1-2 (D. Minn. Feb. 16, 2021).

In this action, Mr. Arrington again alleges that the SANE report providing an evidentiary buttress for the validity of his *Alford* plea was "fraudulent."  (*See* ECF No. 5.)  Mr. Arrington denies, however, that he is using this lawsuit as a vehicle for attacking his conviction.  Instead, Mr. Arrington asks the Court to declare that the Defendants violated his state and federal constitutional rights award him monetary damages for, among other things, "false imprisonment." *See* ("Complaint") (ECF No. 1 at ¶ 35).

Because Mr. Arrington is a prisoner, his complaint is subject to preservice review.  *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

No matter how the Court construes Mr. Arrington's Complaint, it must recommend dismissal.

First, Mr. Arrington presents wholly conclusory factual allegations and fails to state a claim for relief.  Federal Rule of Civil Procedure 8(a) requires pleadings to contain "a short plain statement of the claim showing that the pleader is entitled to relief[.]"  Although this is generally

a low bar, courts must disregard conclusory factual allegations in pleadings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In other words, a pleading must make factual allegations that, if taken as true, provide an evidentiary basis for the court to conclude there is a plausible claim for relief. *See id.* Mr. Arrington's claims are rooted in his allegation that police officers created a false SANE report and served invalid warrants as a pretense to arrest and convict him. (*See* ECF No. 1 ¶ 11; ECF No. 5 at 2.) However, the only factual allegations Mr. Arrington makes with respect to forgery of the SANE report and warrants are:

> 11. The Defendants Lt. Daniel Douglas and Detective Patrick O'Hara were the lead Detectives on the plaintiff's case, they so badly wanted to make an arrest that they created a false S.A.N.E. report (Sexual Assault Nurse Exam) which is fraud. They also served an invalid/false search warrant.
>
> 12. By the Defendants creating a False S.A.N.E. Report to arrest the Plaintiff, the Defendants violated the plaintiff's civil rights under the Minnesota Constitution and the Constitution of the United States.

This is at most a "threadbare recital of the elements of a cause of action, supported by mere conclusory statements," which *Iqbal* held does "not suffice" under Rule 8(a). 556 U.S. at 678. Additionally, to the extent Mr. Arrington's section 1983 claim is most analogous to a fraud claim, as he alleges (*see* ECF No. 5 at 2), his Complaint is subject to the higher pleading requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires parties "[i]n alleging fraud or mistake … [to] state with particularity the circumstances constituting fraud or mistake." Under Rule 9(b), "a complaint alleging fraud must identify who, what, where, when and how." *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op Finance, Corp.*, 690 F.3d 951, 956 (8th Cir. 2012) (quotation omitted). Mr. Arrington did not plead anything about when, where or how the allegedly false S.A.N.E. Report was created, or even articulate what about the Report he believes to be false. He thus fails to state a claim for relief under Rule 9(b).

Second, Mr. Arrington fails to state a claim for relief under *Heck v. Humphrey*, 512 U.S. 477 (1994). "Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles." *Wallace v. Kato*, 594 U.S. 384, 388 (2007). *Heck* held these common-law tort principles "defining the elements of damages and the prerequisites for their recovery" govern section 1983 actions. 512 U.S. at 483. The court reasoned that an action seeking damages for confinement pursuant to legal process is most akin to a common law malicious prosecution action, and that a necessary element of that claim is favorable termination of the underlying criminal conviction. *Id.* at 484. *Heck* further explained that the favorable termination element of a malicious prosecution claim is rooted in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)). The court held as a matter of federal law that:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87.

Since *Heck*, courts in the District of Minnesota have stated that favorable termination is an element of a section 1983 action any time a judgment in the plaintiff's favor necessarily would imply the invalidity of the underlying criminal conviction, regardless of the plaintiff's motivation for bringing the suit. *See, e.g.*, *Audette v. United States*, No. 20-cv-2495-PJS-DTS, 2021 WL 1187151, at *2 (D. Minn. Mar. 30, 2021).

4

Mr. Arrington argues that one of his "federal-law claims raised under 42 U.S.C. § 1983 isn't barred, and that is fraud." (ECF No. 5.) He then cites Minn. Stat. § 541.05 Subd. 1(6) as the basis "for relief on the ground of fraud[.]"

The Court recognizes that the distinction is complicated, but Mr. Arrington misunderstands the nature of a section 1983 action. The question at issue under *Heck* is not whether fraud under Minnesota state law requires favorable termination of his underlying conviction, but whether, as a matter of federal law, a judgment in Mr. Arrington's favor necessarily implies the invalidity of his criminal conviction. In the present litigation, Mr. Arrington himself states that he "is suing for the criminal act that was done to him that is to present false documentation to convict Mr. Arrington[.]" (ECF No. 5 at 2.) Though Mr. Arrington argues this alleged fraud "is not a suit about [his] criminal conviction[,]" if it is true that law enforcement officials fraudulently procured a medical report in order to prosecute Mr. Arrington, a judgment in Mr. Arrington's favor in the present action implies his underlying criminal conviction is invalid.[3] Indeed, Mr. Arrington himself cited the allegedly fraudulent SANE report as a basis for overturning his conviction in both federal and state postconviction proceedings. *See Arrington*, 2021 WL 2644484, at *2–3; *Arrington*, 2021 WL 2593463, at *1-2. As favorable termination of Mr. Arrington's underlying criminal conviction is a necessary element of his claim and he did not plead that his criminal conviction was favorably terminated, he fails to state a claim for relief.

Third, even if the Court could construe Mr. Arrington's claim as one that does not require him to establish favorable termination of the criminal proceedings, his action is untimely. One area of section 1983 that is not governed by federal law is the length of the statute of limitations period.

---

[3] Similarly, as Mr. Arrington's claims about the falsity of the warrants are predicated on his claim that the SANE reports are fraudulent, any claim predicated on the falsity of the warrants at issue necessarily would imply the invalidity of his conviction.

*Wallace*, 549 U.S. at 387. In Minnesota, claims of constitutional violations brought under section 1983 are governed by a six-year statute of limitations. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 618 n.3 (8th Cir. 1995). However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388 (emphasis in original). As such, the federal law rule, derived from common law tort principles, is that "accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* (cleaned up) (quotations and citations omitted). Put another way, "the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (quotation omitted); *accord Winston v. Gonda*, No. 5:08-cv-00230 BSM, 2008 WL 4057111, at *2 (E.D. Ark. Aug. 27, 2008) (collecting cases).

If the Court construes Mr. Arrington's section 1983 claim as most akin to a fraud action as he alleges (*see* ECF No. 5 at 2), it is untimely. The SANE report, search warrant, and arrest warrant at issue all necessarily predate the entry of Mr. Arrington's 2014 *Alford* plea, and those materials were discoverable during his criminal proceedings. *See* Minn. R. Crim. P. 9.01, subd. 1 & 1a. Mr. Arrington does not point to any subsequent event that caused him to become aware at a later date that the report was falsified. Moreover, Mr. Arrington admits that "he always suspected that … something [was] wrong with the S.A.N.E. Report[.]" (ECF No. 5 at 2). As the Complaint does not indicate that anything external to the SANE report caused Mr. Arrington to believe it is fraudulent, and Mr. Arrington discovered the SANE report, at the latest, sometime in 2014, the accrual period began the moment Mr. Arrington became aware he was injured by the SANE report

6

when it was discoverable during his criminal proceeding. Since Mr. Arrington filed the present action in September 2022, his claim is untimely.

Mr. Arrington also invokes state law as a basis for relief, but he does not establish that the Court has original jurisdiction over these claims. *See* Fed. R. Civ. P. 8(a)(1). District courts have been instructed not to extend supplemental jurisdiction over state law claims when, as in this case, all federal law claims must be dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, the Court recommends that the exercise of supplemental jurisdiction be declined, and Mr. Arrington's state law claims be dismissed along with the dismissal of his federal law claims. Mr. Arrington remains responsible for the unpaid remainder of the $350.00 filing fee in this action, which must be paid in installments over time. *See* 28 U.S.C. § 1915(b)(2).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** as follows:

    a. Mr. Arrington's claims under 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

    b. Mr. Arrington's claims under state law are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Mr. Arrington's application to proceed *in forma pauperis* (ECF No. [2]) is **DENIED**.

3. Mr. Arrington is directed to pay the unpaid balance ($344.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk

of Court is directed to provide provide notice of this requirement to the authorities at the institution where Mr. Arrington is confined.

Dated: November 22, 2022                  *s/ Dulce J. Foster*
                                          Dulce J. Foster
                                          United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).