UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GIDEON C. ARRINGTON, II,

                                Civil No. 22-2361 (JRT/DJF)

         Plaintiff,

v.

CITY OF ANDOVER, COUNTY OF ANOKA,     **MEMORANDUM OPINION AND ORDER**
STATE OF MINNESOTA, DANIEL                **ADOPTING MAGISTRATE JUDGE'S**
DOUGLAS, AND PATRICK O'HARA,             **REPORT AND RECOMMENDATION**

         Defendants.

Gideon C. Arrington, II, OID# 228607, MCF Faribault, 1101 Linden Lane, Faribault, MN 55021, *pro se* plaintiff.

Plaintiff Gideon Arrington filed this 42 U.S.C. § 1983 action against various state actors alleging that his civil rights were violated by police detectives in furtherance of his arrest for and ultimate conviction of first degree criminal sexual conduct. Arrington alleges that the detectives produced a fraudulent Sexual Assault Nurses Exam ("SANE") Report and served an invalid search warrant. Following his conviction in state court, postconviction challenges to the validity of the SANE report, and unsuccessful appeals to the Minnesota Court of Appeals, Arrington now brings suit for damages.

Magistrate Judge Dulce Foster issued a Report and Recommendation ("R&R") that recommended Arrington's suit be dismissed on the basis that 1) the Complaint fails to state a claim upon which relief may be granted, 2) Arrington's underlying conviction has

not been favorably terminated, and 3) that Arrington is time-barred from bringing this case for damages. After conducting a review of Arrington's Complaint and the R&R, the Court will adopt the recommendation that the Complaint be dismissed because Arrington fails to state a claim for which relief may be granted.

**BACKGROUND**

**I.   FACTS**

In December 2013, Arrington was arrested and charged with three counts of first degree criminal sexual conduct and one count of kidnapping. (Compl. ¶ 9, Jan. 26, 2022, Docket No. 1.)[1] Arrington ultimately entered an *Alford* plea to one count of first-degree criminal sexual conduct, and the state trial court sentenced him to 324 months in prison. *State v. Arrington*, No. A14-1945, 2016 WL 102476, at *1 (Minn. Ct. App. Jan. 11, 2016) ("*Arrington I*"), *review den.* (Minn. Mar. 29, 2016). Arrington challenged his sentence and the court of appeals affirmed, but because the record was insufficient to determine whether the plea was invalid based on ineffective assistance of counsel, the court preserved that issue for postconviction proceedings. *Id.* at *3. In August 2016, Arrington unsuccessfully petitioned for postconviction relief seeking to withdraw his plea on the

---

[1] The factual allegations in Arrington's complaint do not provide a sufficient basis to properly conduct a legal analysis. Thus, the factual background is supplemented by the Minnesota Court of Appeals opinions in *Arrington v. State* ("*Arrington III*"), No. A20-1538, 2021 WL 2644484 (Minn. Ct. App. June 21, 2021) and *Arrington v. State* ("*Arrington II*"), No. A17-0695, 2018 WL 1247212 (Minn. Ct. App. March 12, 2018), both of which relate to the relevant underlying criminal conviction at issue.

basis of ineffective assistance of counsel. *See Arrington v. State* ("*Arrington III*"), No. A20-1538, 2021 WL 2644484, at *1 (Minn. Ct. App. June 21, 2021).

Following the 2016 denial of postconviction relief, Arrington appealed, asserting three claims: 1) ineffective assistance of counsel; 2) that his *Alford* plea was not accurate, voluntary, or intelligent; and 3) prosecutorial misconduct and false statements by witnesses. *Arrington v. State* ("*Arrington II*"), No. A17-0695, 2018 WL 1247212, at *1 (Minn. Ct. App. March 12, 2018), *review den.* (Minn. May 29, 2018). Arrington supported his claim for prosecutorial misconduct and witness false statements by submitting portions of the SANE report and a signed search warrant. *Id.* The court determined that the state district court did not clearly err in concluding that Arrington's plea was not invalid based on ineffective assistance of counsel. *Id.* at *3. The court also determined that the state district court properly found that Arrington's plea was accurate, voluntary, and intelligent, and noted that this argument exceeded "the scope of issues that this court preserved for postconviction review on Arrington's direct appeal." *Id.* at *4 n.3.

The court of appeals declined to address the claim for prosecutorial misconduct and witness false statements because it was raised for the first time on appeal. *Arrington II*, at *1–2. Further, the court found the claim was procedurally barred because "Arrington should have known of these issues at the time of his direct appeal, yet he failed to raise them." *Arrington II*, at *5. The Minnesota Supreme Court denied review, and the court of appeals entered final judgment on May 31, 2018. *Arrington III*, at *2.

In July 2020, Arrington filed a second petition for postconviction relief on the basis of newly discovered evidence that the SANE report was falsified and that his residence was searched without a valid warrant. *Id.* The state district court denied the second petition finding that "the petition was untimely and that the newly-discovered-evidence exception did not apply." *Id.* The court concluded that "the alleged evidence was discoverable before trial and Arrington failed to explain why the evidence could not have been discovered" during the pretrial period. *Id.*

Arrington then appealed the denial of his second petition for postconviction relief. *Id.* The Minnesota Court of Appeals affirmed the denial on the basis that, absent one of five statutory exceptions, Minnesota law requires a petition for postconviction relief be brought within two years following entry of final judgment, and that the state district court properly determined that the newly-discovered-evidence exception requires that evidence "could not have been ascertained by the exercise of due diligence . . . within the two-year time period." *Id.* at *3.

In total, Arrington has filed four unsuccessful postconviction challenges to his 2014 conviction for first degree criminal sexual conduct. *Arrington v. State* ("*Arrington IV*"), 2022 WL 17086662, at *1 (Minn. Ct. App. Nov. 14, 2022), *review den.* (Minn. Jan. 25, 2023). Arrington now brings this action for damages under § 1983, in which the entirety of the factual allegations contained in his Complaint consist of:

> 11. The Defendants Lt. Daniel Douglas and Detective Patrick O'Hara were the lead Detectives on the plaintiff's case, they

> so badly wanted to make an arrest that they created a false S.A.N.E. report (Sexual Assault Nurse Exam) which is fraud. They also served an invalid/false search warrant.
>
> 12. By the Defendants creating a False S.A.N.E. Report to arrest the Plaintiff, the Defendants violated the plaintiff's civil rights under the Minnesota Constitution and the Constitution of the United States.

(Compl. ¶¶ 11–12.)

## II.   PROCEDURAL HISTORY

Arrington filed this action under 42 U.S.C. § 1983 on September 26, 2022, seeking $30,000,000 in damages on the basis that he was deprived of his civil rights when Defendants Lt. Douglas and Det. O'Hara allegedly falsified the SANE report and served an invalid search warrant. *Id.*

The Magistrate Judge issued an R&R recommending that the suit be dismissed on two grounds. First, the Complaint fails to state a claim upon which relief may be granted because 1) Arrington "presents wholly conclusory factual allegations" that do not satisfy the pleading standards of Fed. R. Civ. P. 8(a) under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and 2) the underlying criminal conviction has not been favorably terminated as required by *Heck v. Humphrey*, 512 U.S. 477 (1994). (R. & R. 2–5, Nov. 21, 2022, Docket No. 8.) Additionally, the Magistrate Judge concluded, "to the extent Mr. Arrington's section 1983 claim is most analogous to a fraud claim, as he alleges," Arrington did not plead when, where, or how the SANE report was falsified, nor did he articulate what part of the report

he believed to be false. (*Id.* at 3.) Therefore, his Complaint failed to satisfy "the higher pleading requirements of Federal Rule of Civil Procedure 9(b)." (*Id.*)

Second, the Magistrate Judge concluded that Arrington's action for damages is untimely because Arrington was aware that he was injured or "had sufficient information to know that he had been injured" at the time of his *Alford* plea in 2014. (*Id.* at 6.) The SANE report, search warrant, and arrest warrant were discoverable at the time of his trial in 2014, and under Minnesota law a § 1983 claim is governed by a six-year statute of limitations. (*Id.*)

Arrington failed to timely file an objection to the R&R by the December 5, 2022, therefore the Court adopted the R&R and dismissed the suit. (Order, Dec. 16, 2022, Docket No. 9.) However, Arrington did file an objection to the R&R on December 19, 2022, explaining that the reason for the late filing was due to the holiday delay and lack of access to the law library to adequately bring his objection on time. (Obj. R. & R. 4–5, Dec. 19, 2022, Docket No. 12.) In light of this, the Court vacated its earlier order adopting the R&R and accepted Arrington's objection. (Order, Dec. 28, 2022, Docket No. 14.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

28 U.S.C. § 1915A requires the Court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and identify any cognizable claims or dismiss the action. 28 U.S.C.

§ 1915A(a), (b). If the Complaint fails to state a claim upon which relief may be granted, then a court is to dismiss it. 28 U.S.C. § 1915(b).

A magistrate judge may be designated to review and submit an R&R that includes proposed findings of fact and recommendations for the disposition of any pretrial matters. 28 U.S.C. § 636(b)(1). After an R&R is filed, a party may file specific written objections to the R&R within fourteen days. Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b)(1). The objections should specify the portions of the R&R objected to and provide a basis for those objections. *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews "properly objected to" portions of an R&R *de novo*. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). General objections that merely repeat arguments already considered are not entitled to *de novo* review but are reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

**II.   ANALYSIS**

Arrington objects to the R&R, arguing first that the Complaint states a claim for which relief may be granted because he asserted a factual allegation for which evidence exists and that he stated two claims, violation of constitutional rights and fraud. (Obj. R. & R. 1–2.) Second, Arrington objects to the R&R's timeliness ground for dismissal on the basis that although he "always suspected that something was wrong with the S.A.N.E. Report…he did not have true knowledge of the report being false [until] June[] 2020." (*Id.*

at 3–4.)² Because the timeliness ground is a threshold issue, the Court first considers whether Arrington's Complaint is time-barred.

### A. Time-Barred

The statute of limitations to bring a § 1983 action is determined by state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Minnesota law, § 1983 claims must be brought within six-years from accrual of the cause of action. Minn. Stat. § 541.05; *Berg v. Groschen*, 437 N.W.2d 75, 77 (Minn. Ct. App. 1989).³ Although the limitation period is determined by state law, "the accrual date of a § 1983 cause of action is a question of federal law that is **not** resolved by reference to state law." *Wallace*, 549 U.S. at 388 (emphasis in original). The federal law rule is that "accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* (quotations and citations omitted).

After considering the merits, the Magistrate Judge recommended that the Complaint be dismissed on the additional basis that the action was time-barred by Minnesota's six-year statute of limitations. The Magistrate Judge concluded that Arrington knew about the SANE report at the time of his criminal proceedings in 2014, that there was no "subsequent event that caused him to become aware at a later date

---

² (*See also* Letter to Mag. J. 2, Oct. 11, 2022, Docket No. 5) (Plaintiff stating he "always suspected that [] something [was] wrong with the S.A.N.E. Report.")

³ *See also Egerdahl v. Hibbing Community College*, 72 F.3d 615, 618 n.3 (8th Cir. 1995).

that the report was falsified," and that "he always suspected that . . . something was wrong with the S.A.N.E. Report." (R. & R. at 6.) The Magistrate Judge reached this conclusion after presumptively construing Arrington's § 1983 claim as being "most akin to a fraud action as [Arrington] allege[d]." (*Id.*) Arrington objects to the R&R's conclusion that his § 1983 damages action is time-barred on the basis that he merely believed but did not actually know that the SANE report was falsified until 2020 when his father hired an investigator.

In *Heck*, the Supreme Court said § 1983 "creates a species of tort liability" and that the common law of torts was developed to ensure that a plaintiff would be "compensated fairly for injuries caused by the violation of his legal rights." *Heck*, 512 U.S. at 483. As such, the appropriate starting point for a § 1983 inquiry is to look at the "closest [tort law] analogy" to the claims being asserted. *Id.* at 484. In *Heck*, the petitioner filed a § 1983 damages action claiming that officers, acting under color of state law, had engaged in unlawful acts that led to his arrest and conviction. *Id.* at 479. The Supreme Court held that the closest tort law analogy to a conviction arising from unlawful prosecutorial conduct is the common-law cause of action for malicious prosecution. *Id.* at 484.

Here, the allegations presented by Arrington are categorically identical to *Heck* and the proper analysis from a statute of limitations perspective is based on malicious prosecution—not fraud. "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the

accused." *Id.* at 484. As such, Arrington's cause of action is not complete and the action has not yet accrued, nor will it be until favorable termination of Arrington's conviction. *See Martin v. Julian*, 18 F.4th 580, 584 (8th Cir. 2021).[4] Thus, as it relates to whether Arrington's § 1983 damages action is time-barred, the Magistrate Judge erred because Arrington does not yet have a complete and present cause of action, nor did he ever have one as it relates to the allegations asserted in his Complaint.

### B. Failure to State a Claim

Although Federal Rule of Civil Procedure 8(a)(2) requires "a short plain statement of the claim" that shows the plaintiff is entitled to relief, mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (1955). The Complaint must **show**—not merely allege—that the plaintiff is entitled to relief by containing enough fact-based assertions that, if assumed to be true, demonstrate that the claim is "plausible on its face," thus "rais[ing] the right to relief above the speculative level." *Id.*; *see also Iqbal*, 556 U.S. at 678–79. A Complaint is insufficient when it offers only "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotation omitted).

---

[4] Additionally, the Eighth Circuit rule is that a § 1983 action on the basis of malicious prosecution requires that the unlawful conduct "must also infringe some provision of the Constitution or federal law" such as the Fourth Amendment or the Due Process Clause. *Martin*, 18 F.4th at 584.

Where an incarcerated plaintiff seeks to recover damages under 42 U.S.C. § 1983 for an unconstitutional or otherwise unlawful conviction, and the claim asserted would render the underlying conviction invalid, the plaintiff must first demonstrate that their conviction has been favorably terminated by reversal on direct appeal, expungement by executive order, declaration that the conviction is invalid by an authorized state tribunal, or called into question by a writ of habeas corpus issued by a federal court. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). Where the plaintiff has not shown that their underlying conviction has been favorably disposed of, a "district court must consider whether a judgment in favor of the incarcerated plaintiff would necessarily imply the invalidity of [the] conviction or sentence." *Id.* If it does, the Complaint must be dismissed. *Id.* On the other hand, if judgment in the plaintiff's favor would not demonstrate that the underlying conviction is invalid, then the action may proceed. *Id.*

The primary reason for the threshold requirement that a plaintiff must show favorable termination of their underlying conviction in a § 1983 damages action is that, absent favorable termination, allowing suit to proceed "would permit a collateral attack on the conviction through the vehicle of a civil suit." *Id.* at 484.

Here, Arrington argues that he "is not challenging the validity or legality of his conviction" but instead is suing for damages because the alleged falsification of the SANE report amounts to fraud and therefore, he has been injured. (Letter to Mag. J. 1–2, Oct. 11, 2022, Docket No. 5.) However, the nature of Arrington's suit is that his conviction and

the allegedly falsified SANE report are inextricably intertwined.  Put differently, the injury resulting from the purportedly false SANE report is that he was convicted of a crime he claims he did not commit.  Further, although Arrington claims that he is not challenging his conviction in this damages action, he stated, "show me that I haven't been wronged, and I will stop fighting for my freedom."  (*Id.* at 3.)  Therefore, this action is the very species of collateral attack on Arrington's conviction that *Heck* precludes.

Moreover, Arrington has not shown that his underlying conviction has been favorably disposed of.  He has initiated four unsuccessful postconviction challenges to attack the validity of his underlying conviction and each denial has been reviewed and affirmed by the Minnesota Court of Appeals—his conviction stands, and he remains incarcerated.  As a threshold matter, this reason alone requires the Court to dismiss his Complaint.

Presuming, *arguendo*, that the favorable termination requirement was either satisfied or not applicable, Arrington's Complaint still fails to state a claim for which relief may be granted.  He objects to the R&R on the basis that 1) he stated two claims in his Complaint for violation of his constitutional rights and fraud, and 2) that he is "not assert[ing] an allegation for which no supporting evidence is offered." (Obj. R. & R. 1–2.) First, while Arrington is correct in that he did claim that his constitutional rights were violated and that the SANE report was fraudulently falsified, merely naming a cause of

action is wholly conclusory and amounts to a "naked assertion" where no facts are alleged that, if assumed to be true, would entitle Arrington to relief.

Second, Arrington's argument—that he is not asserting an allegation for which no supporting evidence is offered—is misguided. In order to survive dismissal of a Complaint for failure to state a claim, a plaintiff may not simply rely on an assertion that they have evidence to prove they have been wronged. Instead, they must allege **how** they have been wronged by including fact-based statements in the Complaint itself. In his objection, Arrington offers fact-based assertions regarding how and when SANE reports are created, and what appears to be findings of an investigator hired by Arrington's father. He states that:

> We talked to Mercy Hospital about the report, a patient representative name[d] Jessica typed in the MRN# the report came up non-existen[t]…there was no record of [the victim] getting a sexual exam done at Mercy Hospital, where detectives allege[d]lly took her. This is why there weren't any doctor[']s, [nurse's] or even patient's signature['s] on it . . . .
>
> When Mr. Arrington and the investigator Mr. Arrington's father hired talked to the patient representative at Mercy Hospital and also Amy Molitor and LPN who they put on the false report as a[n] RN. She said she never performed a sexual exam for the police and that she never worked at Mercy Hospital. She lives in Willmar, MN[] and works in a [n]ursing [h]ome.

(*Id.* at 2–3.) These statements are the type of fact-based allegations that need to be included in, but are entirely absent from, Arrington's Complaint.[5]

Thus, Arrington's Complaint fails to state a claim for which relief may be granted because he has not demonstrated that his conviction has been disposed of in his favor; and he has failed to allege sufficient factual allegations that would, if assumed to be true, entitle him to relief. Therefore, The Court will adopt the Magistrate Judge's recommendation and dismiss the Complaint for failure to state a claim.

## CONCLUSION

In sum, the Court concludes that the Complaint will be dismissed because it fails to state a claim for which relief may be granted. However, the appropriate cause of action, based on the allegations contained in the Complaint, is not time-barred because it has not yet accrued unless Arrington's criminal conviction is favorably terminated.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Docket No. 12] is **OVERRULED**;

---

[5] Typically, the Court would allow a *pro se* plaintiff an opportunity to amend their complaint to include fact-based allegations showing that they have a claim that can survive dismissal. However, Arrington fails the threshold requirement that his conviction must be favorably terminated. Therefore, allowing an amended complaint would be futile.

2. The Magistrate Judge's Report and Recommendation [Docket No. 8] is **ADOPTED**;

3. Plaintiff's application to proceed in forma pauperis [Docket No. 2] is **DENIED;**

4. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**; and

5. Plaintiff is directed to pay the unpaid balance ($344.00) of the statutory filing 2 fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 27, 2023  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
United States District Judge